UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EBRAHIM NEJAD,

       Plaintiff,

    v.                                                    Civil No. 07-492-HA

                                                OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

HAGGERTY, Chief Judge:

       Plaintiff Ebrahim Nejad seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying his application for disability insurance benefits

(DIB) under Title II of the Social Security Act.  This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling,  the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof for steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

3- OPINION AND ORDER

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ).  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

**<u>BACKGROUND</u>**

This background is drawn from the administrative record and need only be summarized here.  Plaintiff was sixty-four years old at the time of the ALJ's decision.  He has a college degree.  He has past relevant work experience as a sound editor, and as a co-production and post-production supervisor.

4- OPINION AND ORDER

Plaintiff applied for DIB on March 9, 2004.  His application was denied initially and on reconsideration.  Plaintiff requested a hearing before an ALJ; that hearing was held on June 13, 2006.  On July 17, 2006, the ALJ found that plaintiff was not disabled.  The decision became the Commissioner's final decision upon the Appeal Council's denial of review.  *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.  Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date of December 31, 1994.  Tr. 17,[1] Finding 2.  The ALJ considered evidence covering the period from the alleged onset date of December 31, 1994, through the date plaintiff was last insured, December 31, 1996.  *Id.*

At step two, the ALJ found that plaintiff had severe impairments of degenerative disc disease and osteoarthritis of the right knee.  Tr. 17, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 18, Finding 4.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work.  Tr. 20, Finding 6.  The ALJ so found after determining that plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours of an eight hour day; and was limited to occasionally climbing, stooping, and crouching.  Tr. 19, Finding 5.

---

[1]  Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

At step five, applying the Medical-Vocational Guidelines as a framework, and based on testimony from the vocational expert (VE), the ALJ found that plaintiff was able to perform jobs that exist in significant numbers in the national economy, including gate guard, parking lot cashier, and surveillance system monitor.  Tr. 20-21, Finding 10.

## **DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to alleged errors by the ALJ. Primarily, plaintiff alleges that the ALJ ignored medical evidence and constructed an incomplete RFC assessment.  Plaintiff also asserts a variety of other alleged errors.  Because this court concludes that it is unclear whether the ALJ properly evaluated plaintiff's RFC, plaintiff's other arguments need not be reached.

The ALJ relied upon the opinions of Dr. Gerry, plaintiff's treating physician, and Dr. Westfall, an agency consulting physician.  Tr. 19.  The ALJ gave weight to the opinions of both doctors, finding them to be "well reasoned and supported by evidence of record."  *Id.*

Relying upon this medical evidence, the ALJ found, as noted above, that plaintiff had the RFC to "lift and carry 10 pounds frequently and 20 pounds occasionally.  He could sit, stand and walk for six hours of an eight hour work day, with an option to choose his posture throughout the day.  He was able to only occasionally and slowly bend and stoop."  Tr. 18.

Plaintiff argues that this RFC was improperly formed.  First, plaintiff argues that the RFC is flawed because an individual must be able to work a full eight-hour day, five days a week. SSR 96-8p.  In response, the Commissioner argues that the ALJ's finding that Plaintiff could "sit, stand and walk for six hours" was "not a finding that Plaintiff could only do those activities

collectively for six hours; if that were the case, the ALJ would have found Plaintiff disabled."
Def.'s Brief at 17. Rather, defendant suggests that the ALJ's intended meaning was that plaintiff
"could stand and/or walk for about six hours and could sit for about six hours." *Id.* This
interpretation is bolstered by the evaluation of Dr. Westfall, who opined that plaintiff could stand
and/or walk for about six hours and could sit for about six hours. Tr. 205.

Defendant's interpretation, however, runs counter to the opinion of Dr. Gerry, who stated
in an October 1997 letter that plaintiff could "spend no more than 30 minutes on his feet at any
one period of time." Tr. 163. Although it may be possible to reconcile the opinions of Dr. Gerry
and Dr. Westfall, the ALJ failed to do so.

The ALJ's RFC also provides for plaintiff to lift "20 pounds occasionally" and to
"occasionally and slowly bend and stoop." Tr. 18. However, Dr. Gerry's 1997 letter states that
plaintiff should have the restriction of "no lifting more than 20 pounds" and "no repetitive
bending or lifting." Tr. 163. Again, plaintiff's RFC seems inconsistent with the opinion of Dr.
Gerry, despite the ALJ's observation that Dr. Gerry's opinion was "well reasoned and supported
by the evidence of record." Tr. 19.

A court may issue what is referred to as a "sentence four" remand in instances in which
the Commissioner has erred in its consideration of the claimant's application for benefits. *Flores
v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the
court may remand without making a determination as to the "correctness of the Secretary's
decision." *Id.* (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991)).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v.
Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if

the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall develop the record regarding the medical evidence and the weight given to the opinions of Drs. Gerry and Westfall. The ALJ shall provide adequate explanations establishing that all medical evidence presented was evaluated in full accord of applicable laws and agency standards. Upon remand, the ALJ is instructed to construct a new RFC, as necessitated by further evaluation of the medical evidence.

## **CONCLUSION**

For the reasons provided, this court concludes that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and the parameters provided herein.

IT IS SO ORDERED.

DATED this   30   day of September, 2008.

                                            /s/ Ancer L. Haggerty    
                                          Ancer L. Haggerty
                                          United States District Judge